## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
### CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| ITALIAN AMERICAN DEFENSE LEAGUE and RALPH MARCARELLI | USDC - Connecticut | Hon. Omar A. Williams |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| VS. | 10/02/2024 | 3:23-cv-00773 (OAW) |

| CITY OF NEW HAVEN and JUSTIN ELICKER | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 10/25/2024 | ☐ Yes   ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name: Norman A. Pattis, Pattis & Paz, LLC
Address: 383 Orange St. New Haven, CT 06511
Telephone No.: 203-393-3017
Fax No.: 203-393-9745
E-mail: npattis@pattispazlaw.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☑ Defendant

Counsel's Name: Earle Giovanniello
Address: 165 Church St., 4th Flr. New Haven, CT 06510
Telephone No.: 203-946-7482
Fax No.: 203-946-7942
E-mail: egiovanniello@newhavenct.gov

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| n/a | n/a | n/a | If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A"*:  **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

*ADDENDUM "B"*:  **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party          ☐ Diversity | ☑ Final Decision          ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party)          ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right          ☐ Other (specify): _____ |

### IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C** (Rev. October  2016)

**PART B:   DISTRICT  COURT  DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>　 lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>　 failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　 frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　 other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☑ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:<br>　 ☐ Sought: $ _____<br>　 ☐ Granted: $ _____<br>　 ☐ Denied: $ _____ | ☐ Injunctions:<br>　 ☐ Preliminary<br>　 ☐ Permanent<br>　 ☐ Denied |

**PART C:   NATURE OF SUIT   (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☑ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): ____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>　 Maritime<br>☐ Assault /<br>　 Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>　 Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>　 Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes　　☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes　　☐ No |

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: recently filed _____    ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

　(A)　Arises from substantially the same case or controversy as this appeal?　　☐ Yes　☑ No

　(B)　Involves an issue that is substantially similar or related to an issue in this appeal?　　☐ Yes　☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 11/12/24 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

## ADDENDUM A

This is an action for money damages and injunctive relief against the City of New Haven and its' top elected official, Major Justin Elicker, arising from the unlawful removal of a statue of Christopher Columbus from Wooster Square in the City of New Haven on June 24, 2020.  The plaintiffs, an association devoted to the promotion and defense of Italian-American heritage, and Ralph Marcarelli, an individual living in the Wooster Square area of New Haven, allege that they suffered damage to their property and liberty interests by the manner in which the City of New Haven removed the statue.  The plaintiffs also seek an order creating a constructive trust to take custody, possession and control of the statue, lest the defendants take affirmative steps to transfer it to another jurisdiction.

# NOTICE OF APPEAL

## United States District Court for the District of Connecticut

Case Number: _3:23-cv-00773-OAW_

ITALIAN AMERICAN DEFENSE LEAGUE
RALPH MARCARELLI
_____
*List the full name(s) of the plaintiff(s)/petitioners(s)*

v.                                              **NOTICE OF APPEAL**

CITY OF NEW HAVEN,
JUSTIN ELICKER
_____
*List the full name(s) of the defendant(s)/respondent(s)*

Notice is hereby given that ITALIAN AMERICAN DEFENSE LEAGUE, ET AL in the above-
                    *List the names of all parties who are filing an appeal*

named case, hereby appeal to the United States Court of Appeals for the Second Circuit from the

☐ final judgment entered in this action on _____
                                        *Date Entered*

        OR

☐ order #(___31___) entered in this action on __10/02/2024__ described as:
                                        *Date Entered*

Order Granting Motion to Dismiss - Defendants' Motion to Dismiss (ECF No. 13) was GRANTED.  The Amended
Complaint (ECF No. 7) was DISMISSED with prejudice.

*(Provide a brief description of the decision in the order/judgment)*

__10/25/2024__                          /s/ Norman A. Pattis, Esq.
_____            _____
         *Date*                                     *Signature*
Pattis, Norman A.
_____
                    *Name (Last, First, MI)*
Pattis & Paz, LLC, 383 Orange St., 1st Floor, New Haven, CT  06511
_____
      *Address*                      *City*                    *State*
203-393-3017                          npattis@pattispazlaw.com
_____            _____
      *Telephone*                        *E-mail Address (if available)*

*See Rule 3(c) for permissible ways of identifying appellants. Attach additional pages as necessary.

***Note to inmate filers:*** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App.
P. 4 (c)(1), complete Form 7 (declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.*

Rev. 11-16-22

# DISTRICT COURT DOCKET SHEET

APPEAL,CLOSED,EFILE,SDV

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:23−cv−00773−OAW
### *Internal Use Only*

| | |
|---|---|
| Italian American Defense League et al v. City of New Haven et al | Date Filed: 06/14/2023 |
| Assigned to: Judge Omar A. Williams | Date Terminated: 10/03/2024 |
| Referred to: Judge S. Dave Vatti | Jury Demand: Plaintiff |
| Cause: 28:1331 Federal Question: Other Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Italian American Defense League**   represented by   **Christopher DeMatteo**
Pattis & Paz, LLC
383 Orange St.
First Floor
New Haven, CT 06511
203−393−3017
Fax: 203−393−9745
Email: cdematteo@pattispazlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman A. Pattis**
Pattis & Associates, LLC
383 Orange Street
1st Floor
New Haven, CT 06511
203−393−3017
Fax: 203−393−9745
Email: npattis@pattislaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ralph Macarelli**   represented by   **Christopher DeMatteo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman A. Pattis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of New Haven**   represented by   **Earle Giovanniello**
City of New Haven
165 Church Street
4th Floor
New Haven, CT 06510
203−946−7482
Fax: 203−946−7942
Email: egiovanniello@newhavenct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Justin Elicker      represented by **Earle Giovanniello**
           (See above for address)
           *LEAD ATTORNEY*
           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2023 | 1 | COMPLAINT against City of New Haven, Justin Elicker ( Filing fee $402 receipt number ACTDC−7382226.), filed by Italian American Defense League, Ralph Macarelli.(Pattis, Norman) (Entered: 06/14/2023) |
| 06/14/2023 | 2 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 6/14/23.(Hushin, Z.) (Entered: 06/14/2023) |
| 06/14/2023 | | Judge Omar A. Williams and Judge S. Dave Vatti added. (Freberg, B) (Entered: 06/14/2023) |
| 06/14/2023 | 3 | Order on Pretrial Deadlines: Amended Pleadings due by 8/13/2023. Discovery due by 12/14/2023. Dispositive Motions due by 1/18/2024. Signed by Clerk on 06/14/2023. (Peterson, M) (Entered: 06/15/2023) |
| 06/14/2023 | 4 | ELECTRONIC FILING ORDER FOR COUNSEL − PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Omar A. Williams on 06/14/2023. (Peterson, M) (Entered: 06/15/2023) |
| 06/14/2023 | 5 | STANDING PROTECTIVE ORDER Signed by Judge Omar A. Williams on 06/14/2023. (Peterson, M) (Entered: 06/15/2023) |
| 06/15/2023 | 6 | NOTICE TO COUNSEL/SELF−REPRESENTED PARTIES : Counsel or self−represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 3 Order on Pretrial Deadlines, 4 Electronic Filing Order, 1 Complaint filed by Ralph Macarelli, Italian American Defense League, 5 Protective Order, 2 Notice re: Disclosure Statement, Signed by Clerk on 6/15/2023. (Peterson, M) (Entered: 06/15/2023) |
| 06/16/2023 | 7 | AMENDED COMPLAINT against All Defendants, filed by Italian American Defense League, Ralph Macarelli.(Pattis, Norman) (Entered: 06/16/2023) |
| 06/16/2023 | 8 | Disclosure Statement by Italian American Defense League. (Pattis, Norman) (Entered: 06/16/2023) |
| 08/14/2023 | | ENTERED IN ERROR − Request for Clerk to issue summons as to All Plaintiffs. *City of New Haven* (Pattis, Norman) Modified on 8/14/2023 to add Entered in Error. Attorney Pattis office called to let us know that this was Entered in Error. They refiled request correctly.(Chartier, A). (Entered: 08/14/2023) |
| 08/14/2023 | | Request for Clerk to issue summons as to All Defendants. (Pattis, Norman) (Entered: 08/14/2023) |
| 08/14/2023 | 9 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *City of New Haven, Justin Elicker* with answer to complaint due within *21* days. Attorney *Norman A. Pattis* *Pattis & Smith, LLC* *383 Orange Street, 1st Floor* *New Haven, CT 06511*. (Peterson, M) (Entered: 08/14/2023) |
| 08/14/2023 | 10 | MOTION for Extension of Time until 08/29/2023*for* Service of Process by Italian American Defense League, Ralph Macarelli. (Pattis, Norman) (Entered: 08/14/2023) |
| 08/15/2023 | 11 | ORDER denying as moot ECF No. 10 , Motion for Extension of Time. Plaintiff must serve Defendant within 90 days after the complaint is filed under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff's proposed deadline is well within the time limit already afforded by the rules, so the motion for extension of time is denied as moot. It is so ordered. Signed by Judge Omar A. Williams on 8/15/23. (Coghlan, Katharine) (Entered: 08/15/2023) |

| 08/17/2023 | 12 | NOTICE of Appearance by Earle Giovanniello on behalf of City of New Haven, Justin Elicker (Giovanniello, Earle) (Entered: 08/17/2023) |
|---|---|---|
| 09/05/2023 | 13 | MOTION to Dismiss *Amended Complaint* by City of New Haven, Justin Elicker.Responses due by 9/26/2023 (Giovanniello, Earle) (Entered: 09/05/2023) |
| 09/05/2023 | 14 | Memorandum in Support re 13 MOTION to Dismiss *Amended Complaint* filed by City of New Haven, Justin Elicker. (Giovanniello, Earle) (Entered: 09/05/2023) |
| 09/12/2023 | 15 | SUMMONS Returned Executed by Italian American Defense League, Ralph Macarelli. City of New Haven served on 8/14/2023, answer due 9/4/2023; Justin Elicker served on 8/14/2023, answer due 9/4/2023. (Pattis, Norman) (Entered: 09/12/2023) |
| 09/22/2023 | 16 | REPORT of Rule 26(f) Planning Meeting. (Giovanniello, Earle) (Entered: 09/22/2023) |
| 09/25/2023 | 17 | NOTICE. The court thanks the parties for their Local Rule 26(f) Report, *see* ECF No. 16 , and wishes to notify the parties that their proposed discovery deadline is **April 1, 2020.** *Id.* at 5. Even if this was intended to be 2024, the parties propose a summary judgment deadline of **March 15, 2024** (before the deadline to complete discovery). The court respectfully requests that the parties clarify their proposed deadlines. Signed by Judge Omar A. Williams on 9/25/23.(Coghlan, Katharine) (Entered: 09/25/2023) |
| 09/25/2023 | 18 | Amended REPORT of Rule 26(f) Planning Meeting. (Giovanniello, Earle) (Entered: 09/25/2023) |
| 09/26/2023 | 19 | Memorandum in Opposition re 13 MOTION to Dismiss *Amended Complaint* filed by Italian American Defense League. (Pattis, Norman) (Entered: 09/26/2023) |
| 09/26/2023 | 20 | ORDER. The court thanks the parties for their amended Local Rule 26(f) Report, *see* ECF No. 18 , and hereby APPROVES and ADOPTS all deadlines proposed therein. All discovery shall be completed on or before **April 1, 2024,** and all interim discovery deadlines hereby are incorporated by reference. All interim discovery deadlines may be amended by agreement of the parties without the court's approval provided those amendments do not delay the deadline for completion of all discovery. Any motions for summary judgment shall be filed on or before **May 1, 2024.** The parties' joint trial memorandum shall be filed on or before **June 1, 2024,** if no dispositive motions are filed, or within the period set by the court upon its disposition of any dispositive motions that are filed. The court thereafter will set a jury selection date, and the parties should be prepared to proceed to trial on **July 1, 2024.** It is so ordered. Signed by Judge Omar A. Williams on 9/26/23.(Coghlan, Katharine) (Entered: 09/26/2023) |
| 09/26/2023 |  | Set Deadlines: Discovery due by 4/1/2024; Dispositive Motions due by 5/1/2024; Joint Trial Memorandum due by 6/1/2024; Trial Ready Date 7/1/2024. (Velez, F.) (Entered: 09/27/2023) |
| 10/16/2023 | 21 | REPLY to Response to 13 MOTION to Dismiss *Amended Complaint* filed by City of New Haven, Justin Elicker. (Giovanniello, Earle) (Entered: 10/16/2023) |
| 01/05/2024 | 22 | **ENTERED IN ERROR:** NOTICE by Italian American Defense League, Ralph Macarelli *D&P directed to City of New Haven* (Pattis, Norman) Modified on 1/8/2024 (Peterson, M). (Entered: 01/05/2024) |
| 01/05/2024 | 23 | **ENTERED IN ERROR:** NOTICE by Italian American Defense League, Ralph Macarelli *D&P directed to Justin Elicker* (Pattis, Norman) Modified on 1/8/2024 (Peterson, M). (Entered: 01/05/2024) |
| 01/08/2024 |  | Docket Entry Correction re 22 and 23 : Entered in Error − Per the local rules, discovery is not to be filed. (Peterson, M) (Entered: 01/08/2024) |
| 01/18/2024 | 24 | MOTION for Extension of Time until 03/05/2024 Answer Plaintiffs' Discovery Requests by City of New Haven, Justin Elicker. (Giovanniello, Earle) (Entered: 01/18/2024) |
| 01/19/2024 | 25 | ORDER finding as moot ECF No. 24 , Motion for Extension of Time. The court reiterates that interim discovery deadlines may be amended by agreement of the parties without the court's approval, provided those amendments do not delay the deadline for |

| | | |
|---|---|---|
| | | completion of all discovery. ECF No. 20. Therefore, the court finds this motion as moot. It is so ordered. Signed by Judge Omar A. Williams on 1/19/24. (Coghlan, Katharine) (Entered: 01/19/2024) |
| 03/21/2024 | 26 | NOTICE of Appearance by Christopher DeMatteo on behalf of Italian American Defense League, Ralph Macarelli (DeMatteo, Christopher) (Entered: 03/21/2024) |
| 03/21/2024 | 27 | Joint MOTION for Extension of Time *All Deadlines* 20 Order,,,, by Italian American Defense League, Ralph Macarelli. (DeMatteo, Christopher) (Entered: 03/21/2024) |
| 03/22/2024 | 28 | ORDER granting ECF No. 27 , Motion for Extension of Time. All discovery shall be completed on or before **June 3, 2024,** and all interim discovery deadlines hereby are incorporated by reference. Any motions for summary judgment shall be filed on or before **July 1, 2024.** The parties' joint trial memorandum shall be filed on or before **August 1, 2024,** if motions for summary judgment are not filed. If motions for summary judgment are filed, the court will set a deadline for the joint trial memorandum at the time it disposes of the motions for summary judgment. The court will thereafter set a jury selection date, and the parties should be prepared to proceed to trial on **October 1, 2024.** It is so ordered. Signed by Judge Omar A. Williams on 3/22/24. (Coghlan, K) (Entered: 03/22/2024) |
| 03/25/2024 | | Reset deadlines per Dkt. 28 Order: discovery due by 6−3−2024; motions for summary judgment due by 7−1−2024; joint trial memorandum due by 8−1−2024; trial ready by 10−1−2024. (Shafer, J.) (Entered: 03/25/2024) |
| 07/29/2024 | 29 | Joint MOTION for Extension of Time File Motion for Summary Judgment 28 Order on Motion for Extension of Time,,, by Italian American Defense League, Ralph Macarelli. (DeMatteo, Christopher) (Entered: 07/29/2024) |
| 07/30/2024 | 30 | **ORDER granting joint motion for extension of time.** The court **GRANTS** the parties' joint motion ECF No. 29 . Summary judgment motions will be due **90 days** after resolution of the pending motion to dismiss. If motions for summary judgment are filed, the court will set a deadline for the joint trial memorandum at the time it disposes of the motions for summary judgment. It is so ordered. Signed by Judge Omar A. Williams on 7/30/2024. (Lussier, Nicolas) (Entered: 07/30/2024) |
| 10/02/2024 | 31 | **ORDER Granting 13 Motion to Dismiss with Prejudice.** For the reasons contained herein, the Defendants' Motion to Dismiss is granted with prejudice. It is so ordered.<br><br>Signed by Judge Omar A. Williams on 10/2/2024. (Lussier, Nicolas) (Entered: 10/02/2024) |
| 10/03/2024 | 32 | JUDGMENT.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all−forms/appeals_forms Signed by Clerk on 10/3/24. (Velez, F) (Entered: 10/03/2024) |
| 10/03/2024 | | JUDICIAL PROCEEDINGS SURVEY − FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi−bin/Dispatch.pl?survey (Velez, F) (Entered: 10/03/2024) |
| 10/25/2024 | 33 | NOTICE OF APPEAL as to 31 Order on Motion to Dismiss, by Italian American Defense League, Ralph Macarelli. Filing fee $ 605, receipt number ACTDC−7947549. (Pattis, Norman) (Entered: 10/25/2024) |
| 10/28/2024 | 34 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 33 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the |

Case: 24-2877, 10/28/2024, DktEntry: 1.1, Page 6 of 6

| | | exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Imbriani, S) (Entered: 10/28/2024) |

# ORDER GRANTING MOTION TO DISMISS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

ITALIAN AMERICAN DEFENSE LEAGUE
& RALPH MARCARELLI
*Plaintiffs,*

v.                                          No. 3:23-cv-773 (OAW)

CITY OF NEW HAVEN, JUSTIN
ELICKER.
*Defendants.*

---

## ORDER GRANTING MOTION TO DISMISS

The Italian American Defense League ("IADL")[1] and Ralph Marcarelli ("Plaintiffs") bring this action against the City of New Haven and its mayor, Justin Elicker, alleging two claims for relief stemming from the City's decision to remove a statue of Christopher Columbus from Wooster Square, a public park in the City.  *See* Am. Compl. (ECF No. 7).

## I.  INTRODUCTION

In Plaintiffs' own words, the Amended Complaint attempts to "avoid the generalized statement of interest that proved fatal to plaintiffs in a case decided by Judge Hall and cited by the defendants in the instant case."  Defs.' Mem. of Law (ECF No. 19, pg. 4); *see Am. Italian Women for Greater New Haven v. City of New Haven*, No. 21-cv-1401 (JCH),

---

[1] The IADL is a 501(c)(4) organization based in Clinton, Connecticut, and it appears to have been founded on or around January 25, 2021.  *See* IRS Determination Letter (July 22, 2022) (reflecting effective date of exemption is January 25, 2021), Italian-American Defense League, available at: Tax Exempt Organization Search Details | Internal Revenue Service (https://apps.irs.gov/app/eos/) (last visited September 30, 2024). Further, the organization's apparent website notes bylaws that were adopted on January 25, 2021.  Bylaws of Italian American Defense League (IADL), available at: https://iadlnow.org/home.

1

2022 U.S. Dist. LEXIS 99305, 2022 WL 191285AI3 (D. Conn. June 3, 2022) (AIW).[2] However, in their attempt, Plaintiffs fail to allege facts sufficient to establish jurisdiction. Accordingly, the Defendants' Motion to Dismiss the Amended Complaint (ECF No. 13) is **GRANTED** with prejudice.

## II. STATEMENT OF FACTS

Plaintiff IADL is a "voluntary association of individuals organized to promote, advance and, when necessary, defend the interests of Italian-Americans. Among its members are Italian-Americans living in the Wooster Square neighborhood in the City of New Haven." Am. Compl. ¶ 3.  Plaintiff Ralph Marcarelli is a "long-time resident of the City of New Haven and lives on Wooster Place in the City of New Haven." *Id.* ¶ 4.  Defendant Justin Elicker is the Mayor of the City of New Haven, Connecticut. *Id.* ¶ 6.

Together, Plaintiffs allege a statue of Christopher Columbus standing in New Haven's historic Wooster Square[3] was swept-up in the aftermath of George Floyd's death in Minneapolis, Minnesota. *Id.* ¶¶ 4-10.  They claim "[p]rotestors in New Haven clamored for the removal of certain public monuments, including a statue of Christopher Columbus." *Id.* ¶ 10

"New Haven's Charter gives the City the power to manage, regulate and control all City property.  Article IV, Section IV, A(1).  The Columbus statue is property of the City of

---

[2] To be clear, in *AIW*, Judge Hall specifically found organizational standing by the American Italian Women for Greater New Haven, but dismissed the case under Fed. R. Civ. P. 12(b)(6).  Thus, a lack of standing through generalized interests was not "fatal" to the case, as suggested by Plaintiffs' Opposition.

[3] As described by the plaintiffs, "Wooster Square Park and its environs is listed in the National Register of Historic Places as the 'Wooster Square Historic District' and has been so listed since 1971.  The park is the site of annual festivals and events celebrating Italian American heritage.  The neighborhood surrounding the park is the home to many Italian Americans who have chosen to live there so as to share their lives with others of similarly [sic] heritage.  Property owners in the area place a unique value on living in the vicinity because it is known to many as 'Little Italy.'"  Am. Compl. ¶ 11.

New Haven." *Id.* ¶ 18.  The Board of Park Commissioners, a public body operating as part of the City of New Haven, manages and maintains Wooster Square Park.  *Id.* ¶ 13. On June 17, 2020, the Board of Park Commissioners held a public meeting and discussed removal of the Columbus statue from Wooster Square Park.  *Id.* ¶ 14.  Plaintiffs allege this meeting was unlawful because "there was no public notice to City residents . . . that removal of the statue would be discussed."  *Id.*  That said, "no formal vote was taken on the removal of the statue" at that meeting.  *Id.* ¶ 15.  Nevertheless, the Board subsequently "decided to remove the Columbus statue from the park" and kept "no minutes reflecting how it reached this decision."  *Id.*

"On or about June 25, 2020, Defendant Elicker stated, in a press release, that the Parks Commission had 'voted for the removal of the Columbus Statue in Wooster Square Park,' and he informed the public that the statue had been taken down that very afternoon."  *Id.* ¶ 16.

Mr. Marcarelli alleges he "suffered injury-in-fact to his property interest in the historical preservation of Wooster Square Park, its buildings, structures and features, in that his decision to own a home in the area was made in reliance upon the City's decision lawfully [sic] to maintain the Wooster Historic District, and the City's decision to remove the statue has an adverse impact on the character of his neighborhood and the value of his home." *Id.* ¶ 21.

IADL sues on behalf of its members, like Mr. Marcarelli, "who are residents of New Haven living in or near the Wooster Historic District [who] have a property interest identical to . . .  Mr. Marcarelli's."  *Id.* ¶ 22.

### III. <u>STANDARD OF REVIEW</u>

#### A. <u>Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)</u>

Defendants challenge Plaintiffs' standing, but they do not cite Fed. R. Civ. P. 12(b)(1). The proper procedural route for a challenge to standing is a motion under Rule 12(b)(1). *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 89 n.6 (2d Cir. 2006); *Young Advocates for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 229 (E.D.N.Y. 2019) ("Because a plaintiff's standing goes to the subject matter jurisdiction of the Court, the appropriate vehicle to dismiss a cause of action for lack of standing is Federal Rule of Civil Procedure 12(b)(1)."). "The distinction is important because a typical dismissal under Rule 12(b)(6), *i.e.*, for failure to state a claim, is an adjudication on the merits with preclusive effect." *Id.* Nevertheless, a plaintiff's standing is "assessed as of the time the lawsuit is brought," *Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994).

To survive a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss, the court must accept as true all well-pleaded factual allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *Bryant v. Am. Fedn. of Musicians of the United States*, 666 Fed. Appx. 14, 16 (2d

4

Cir. 2016).    The court "next consider[s] the factual allegations in [the] [Amended [C]omplaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.    The court is not required to accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d. Cir. 2008) (internal quotation marks omitted).    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Standing

The subject matter jurisdiction of federal courts extends only to justiciable "Cases" or "Controversies." U.S. Const. art. III, § 2.    Thus, Article III standing plays a foundational role in our separation of powers. *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 135 (2011) (citing *Doremus v. Board of Ed. of Hawthorne,* 342 U.S. 429, 434 (1952).

"There is no case or controversy unless a plaintiff has standing to challenge the defendant's conduct." *Coalition for Competitive Elec. v. Zibelman*, 906 F.3d 41, 57-58 (2d Cir. 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).    "The doctrine of standing…requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks omitted).

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or

imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020).  An injury in fact is an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, at 560, *Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge, New York*, 98 F.4th 386, 394 (2d Cir. 2024).  Concreteness and particularity are distinct.  *Spokeo v. Robins*, 578 U.S. 330, 339-40 (2016).  "A concrete injury must be de facto; that is, it must actually exist."  *Id.*, at 340.  "Central to assessing concreteness is whether the asserted harm has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021) (internal quotation marks and citation omitted).[4]  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo*, at 339.  The party invoking federal jurisdiction has the burden of establishing the three elements.  *Spokeo*, at 338.

Because IADL is an entity, standing may be established "in one of two ways: by establishing so-called 'associational' or 'representational' standing to sue on behalf of its members, or by establishing that it was directly injured as an organization." *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021).  Here, the IADL alleges injuries coextensive with those suffered by Mr. Marcarelli and its members "living in or near the Wooster Historic District with property interests identical to Mr. Marcarelli's," and those stemming from its mission "to preserve Italian-American heritage and [to] foster public appreciation of the role of Italians in American life."  Defs.' Mem.  of Law (ECF No. 19,

---

[4] On this point, Plaintiffs' brief fails to cite to authoritative case law in support of many of its assertions, and it fails to engage with the legal issues presented by Defendants.

pg. 3). Thus, IADL asserts standing is established by virtue of its representational status and by direct injury.

Plaintiffs do not claim a property interest in the statue, nor in the land on which it stood. Instead, IADL argues the statue's removal diminished the value of its members' homes.

### B. Direct Injury Against IADL

The direct injury test that applies to individuals also applies to organizations. "The organization is just another person …seeking to vindicate a right." *New York Civil Liberties Union v. New York City Transit Auth.*, 684 F. 3d 286, 294 (2d Cir. 2012). Thus, to show standing, IADL must show a concrete and particularized harm. *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021). "In the context of organizational standing, meeting this burden requires show[ing] that the challenged action did not merely harm [the organization's] abstract social interests but perceptibly impaired its activities." *Am. Italian Women for Greater New Haven*, 2022 WL 1912853, 2022 U.S. Dist. LEXIS 99305, *7 (citing *Russell-Tucker*, 8 F.4th at 173 (internal quotations and citations omitted)). The Amended Complaint fails to plead direct injury to IADL. Indeed, it appears the organization might not have come into existence until months after the statue had been removed. *See* n.1, *supra* (noting a January 2021 founding, after a June 2020 removal of the statue). Furthermore, the Amended Complaint does not indicate how the statue's removal materially impacted core activities of the organization. *Russell-Tucker*, 8 F.4th at 174-75. For example, there is no claim that IADL gathered at the statue for annual wreath-laying ceremonies on a federal holiday, as was argued in *AIW*. *See* 2022 WL 1912853 at *5. Therefore, if IADL is to proceed in this litigation under a representative theory, Mr. Marcarelli himself must have standing.

### C. Mr. Marcarelli's Injury

In assessing any injury to Mr. Marcarelli, the court notes that Plaintiffs do not allege any property interest in the park, nor in the statue itself. *See Protect Our Parks, Inc. v. Chicago Park District*, 971 F.3d 722, 736-738 (7th Cir. 2020). Nor does Mr. Marcarelli allege an aesthetic interest, or any specific activities involving the statue, as did the AIW.[5] He never alleges that he visited the statue. *See Pollack v. U.S. Dep't Of Justice*, 577 F.3d 736, 742 (7th Cir. 2009) (affirming dismissal where plaintiff "never claims that he visits" the area affected); *see also Nat'l Post Office Collaborate v. Donahoe*, No. 13-cv-1406 (JBA), 2014 WL 6686691 (D. Conn. Nov. 26, 2014) (plaintiffs lacked standing to object to sale of a particular historic building because there was no evidence that their members suffered a concrete injury, particularly as there was no evidence that any members had enjoyed historic features of building). *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009) ("While generalized harm to the forest or the environment will not alone support standing, if that harm in fact affects the recreational or even the mere esthetic interests of the plaintiff, that will suffice.") (citation omitted). Further, "removal of the statue does not impede [Mr. Marcarelli's] ability to use Wooster Square – at least in a concrete and particularized way." *See Am. Italian Women for Greater New Haven*, 2022 WL 1912853, 2022 U.S. Dist. LEXIS 99305, *10. The notion of permanent harm also

---

[5] To be sure, the plaintiffs allege the park, generally, "is the site of annual festivals and events celebrating Italian-American heritage." Am. Compl. ¶ 11. But they do not specifically claim that IADL or Mr. Marcarelli frequented the statue, and IADL fails to show that the statue factored into its core activities. *Am. Italian Women for Greater New Haven*, 2022 WL 1912853, 2022 U.S. Dist. LEXIS 99305, *10 (noting that with respect to an annual wreath laying at the base of the statue, "[t]he removal of the statue undisputedly adversely affects one of the [core] activities [AIW] regularly conducted (prior to the challenged act) in pursuit of its organizational mission.") (internal quotation marks and citation omitted).

8

seems speculative.[6]   Finally, the kind of harm he alleges is general, not particularized, and his reasoning effectively might bestow upon residents veto power over any modification, landscaping, or maintenance performed in the park and maybe even throughout Wooster Square.  Indeed, without alleging any activity or interest in the statue, plaintiffs are "concerned bystanders" using this case as a vehicle to vindicate value interests, and that is not sufficient to establish Article III standing.  *Diamond v. Charles*, 476 U.S. 54, 62 (1986).

To be sure, a "specific, concrete, and particularized allegation of a reduction in the value of property owned by the plaintiff is sufficient to demonstrate injury-in-fact at the pleading stage." *See Barnum Timber Co. v. United States EPA*, 633 F.3d 894, 898 (9th Cir. 2011); *but see* Kathrein v. City of Evanston, Ill., 636 F.3d 906, 914 (7th Cir. 2011) (finding that a "demonstrable reduction in the market value of one's property is an injury in fact for standing purposes," rather than a hypothetical reduction in market value). But Mr. Marcarelli's alleged injury as to his home's value is not specific, nor concrete, nor particularized.  *See Lujan*, at 560; *Schuler v. Bd. of Educ. of Cent. Islip Union Free Sch. Dist.*, No. 96-cv-4702 (JG), 2000 WL 134346, at *18 (E.D.N.Y. Feb. 1, 2000).  The court does not doubt that Plaintiffs' protest is sincere, but "[a] generalized grievance, no matter

---

[6] The court takes judicial notice of the fact that the Wooster Square Monument Committee recently unveiled a ten-foot bronze statue entitled, "Indicando la via al futuro" (pointing the way to the future) depicting a father, mother and two children with everything they own in suitcases arriving in the United States for a better life.  Fed. R. Evid. 201(b)(2) (a court may take judicial notice of matters that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"), Brittany Schaefer & Natasha Lubczenko, New Haven unveils a new statue to celebrate the Italian-American community, WTNH (June 9, 2024) *updated on* June 10, 2024, available at: https://www.wtnh.com/news/connecticut/new-haven/new-haven-unveils-a-new-statue-to-celebrate-the-italian-american-community/ (last accessed September 30, 2024); *see* Associated Press, New Haven dedicates immigrant monument in square where Christopher Columbus statue was removed (June 9, 2024) (last accessed September 30, 2024).

how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 694 (2013); *United States v. Richardson*, 418 U.S. 166 (1974); *see Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731–32 (7th Cir. 2020) (finding a park advocacy group and local residents lacked standing to protest changes to a park).

Thus, the Amended Complaint shows Mr. Marcarelli to lack standing. And because his injuries are coextensive with IADLs, IADL also lacks standing (at least without additional details about other residents). *See Gardner v. Mutz*, 962 F.3d 1329, 1342–43 (11th Cir. 2020) ("Gardner I"). Accordingly, Plaintiffs have failed to meet their burden, and the case should be dismissed.

**D.  Failure to State a Claim**

Even if the court were to presume standing, Plaintiffs still fail to state a claim upon which relief can be granted. Plaintiffs allege a due process claim. A due process claim must plausibly allege that "(1) state action (2) deprived him or her of liberty or property (3) without due process of law." *Bellin v. Zucker*, 6 F.4th 463, 474 (2d Cir. 2021). Plaintiffs allege a property interest in the "historical preservation of Wooster Square Park, its buildings, structures and features." Am. Compl. ¶ 21. At the same time, Plaintiffs concede "New Haven's Charter gives the City the power to manage, regulate and control all City property. Article IV, Section IV, A(1). The Columbus statue is property of the City of New Haven." *Id.* ¶ 18. Further, Wooster Square Park is for all city residents to enjoy. "Such [a] universal benefits [is] not [a] property interest[] protected by the Due Process Clause." *Meyers v. City of New York*, 812 Fed. Appx. 11, 16 (2d Cir. 2020) (citation

omitted).   Plaintiffs otherwise have not identified any property or liberty interest recognized in state law that could ground their due process claims.[7]

Further, the United States Court of Appeals for the Second Circuit has held that municipal action (short of a Fifth Amendment taking) "has never been held to deprive a person of property within the meaning of the Fourteenth Amendment." *BAM Historic Dist. Ass'n v. Koch*, 723 F.2d 233, 237 (2d Cir. 1983).   In that case, New York City residents brought a procedural due process challenge against New York City for failing to hold a hearing before opening a homeless shelter in their neighborhood.   Residents contended that the shelter would cause a decline in their own property values, but the Second Circuit affirmed the lower court's dismissal of the case for failure to state a claim.   *Id.*

Looking beyond our Circuit, Plaintiffs' due process claim also bears resemblance to *Frank L. Rizzo Monument Committee v. City of Philadelphia*.   There, plaintiffs alleged massive protests sparked by the death of George Floyd resulted in the removal of a statue of Frank L. Rizzo "under cover of night, with no process or input from the public or approval from the Philadelphia Art Commission." *Frank L. Rizzo Monument Comm. v. City of Philadelphia*, 2022 WL 125907, 2022 U.S. Dist. LEXIS 6588, *3 (E.D. Pa. Jan. 13, 2022).   On June 2, 2020, Mayor James Kenney issued an executive order entitled: "Emergency Order" to remove the statue.   The Committee, which had donated the statue to the City of Philadelphia pursuant to a "Donation and Maintenance Agreement," asserted a procedural due process claim based upon Defendants' removal of the statue.

---

[7]Plaintiffs give short shrift to Defendants' arguments, stating, "Whatever the interest…" but this is the *Plaintiffs' case*.  Such vague identification of their own interest suggests that even the plaintiffs recognize that no such protected interest exists.  Elsewhere, Plaintiffs offer contradictory arguments, in one breath disclaiming ownership of the statue (and conceding that it is owned by the City), while later asserting that its removal has the "all the hallmarks of thievery."  Defs' Mem.of Law (ECF 19, pg. 6).

The Committee specifically argued that "Defendants removed the Rizzo Statue…without requesting that the Art Commission convene a [s]pecial [m]eeting to first provide the City with approval as required by the [Philadelphia Home Rule] Charter," and that "Defendants' decision to forgo [that] procedure[] denied Plaintiff procedural due process." *Frank L. Rizzo Monument Comm.*, 2022 U.S. Dist. LEXIS 6588, *7. The court dismissed the case because it could not identify an interest in the statue that satisfied the requirements of a due process claim. The *Rizzo* plaintiffs undoubtedly had a stronger property interest argument than Plaintiffs in the case at bar, given that the Committee had a signed agreement with its city. Here, no such agreement existed.

Finally, Mr. Marcarelli's claim is conclusory in asserting that his home's value somehow decreased after the City removed the statue. *Schuler*, 2000 WL 134346, at *18; *see Shoultz v. Derrick*, 369 F. Supp. 3d 1120, 1128 (D. Or. 2019). The limited record presented by Plaintiffs simply is too speculative to withstand scrutiny, even at this early stage of litigation. Thus, without a viable property interest having plausibly been asserted, the Amended Complaint does not state a claim for relief.

### E. Leave to Amend

The court may grant a motion to dismiss with prejudice when amending the complaint would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Futility is a legal determination that the proposed amendments would not cure prior deficiencies in the pleadings, such as a failure to allege standing." *O'Shea v. P.C. Richard & Son, LLC*, 2017 U.S. Dist. LEXIS 122424, *19 (S.D.N.Y. Aug. 3, 2017) (citing *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224-25 (2d Cir. 2017) (quoting *Panther Partners, Inc. v.*

*Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012))). The court hereby dismisses this case for lack of standing, but makes clear that, even if Plaintiffs established standing, their claims would still fail to overcome the defendants' 12(b)(6) motion.

Dismissing on jurisdictional grounds does not require this court to grant leave to amend. *See, e.g., MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2023) (affirming denial of leave to amend due to plaintiff's failure to identify "additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend" that would establish Article III standing (citation omitted)), *Meimaris v. Royce*, No. 19-3339, 2021 U.S. App. LEXIS 33072, 2021 WL 5170725, at *6 (2d Cir. Nov. 8, 2021) (summary order) (affirming denial of leave to amend as "futile" when plaintiff offered "no indication that there are any additional allegations that could overcome [plaintiff's] lack of individual standing"). Given Plaintiffs' rather limited briefing, there is little indication any facts exist which could establish standing, or a due process claim. Consequently, the Amended Complaint is dismissed with prejudice.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED. The Amended Complaint (ECF No. 7) is DISMISSED with prejudice.

**IT IS SO ORDERED** at Hartford, Connecticut, this 2nd day of October, 2024.

/s/
_____
Omar A. Williams
United States District Judge

# JUDGMENT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ITALIAN AMERICAN DEFENSE LEAGUE,        :
RALPH MARCARELLI,                       :
Plaintiffs,                             :
                                        :        3:23-CV-773(OAW)
v.                                      :
                                        :
CITY OF NEW HAVEN, JUSTIN ELICKER       :
Defendants

<u>JUDGMENT</u>

This action having come before the Court for consideration of the Defendants'

Motion to Dismiss before the Honorable Omar A. Williams, United States District Judge;

and, the Court having considered the full record of the case including applicable

principles of law and having issued an Order granting said Motion to Dismiss with

prejudice, it is hereby

ORDERED, ADJUDGED and DECREED that judgment is hereby entered

dismissing the amended complaint with prejudice, and the case is closed.

Dated at Hartford, Connecticut, this 3rd day of October, 2024.

DINAH MILTON KINNEY, CLERK

EOD: 10/3/24                    BY:   /s/ F. Velez
                                      Frances Velez, Deputy Clerk

<u>ADDENDUM B</u>

The questions presented are:

1. **Whether the district court erred in dismissing plaintiff Italian American Defense League's claims on the basis that the organization lacked standing.**

The standard of review for a dismissal for lack of standing is *de novo*. *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 71 (2d Cir. 2013).

2. **Whether the district court erred in dismissing plaintiff Ralph Marcarelli's claims on the basis that he lacked standing.**

The standard of review for a dismissal for failure to state a claim is *de novo*. *Johnson v. Nextel Communications, Inc*., 660 F.3d 131, 138 (2d. Cir. 2011).

3. **Whether the district court erred in dismissing the plaintiffs Italian American Defense League and Ralph Marcarelli's claims for failure to state a claim upon which relief can be granted.**

The standard of review for a dismissal for failure to state a claim is *de novo*. *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 138 (2d. Cir. 2011).